IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                         :       CASE NO. 10-01945 (ESL)

CARMEN M. DELGADO RAMIREZ    :       CHAPTER 13

            : 

       Debtor                : 

                        :

ORDER

This case is before the court upon debtor's motion for reconsideration of the order entered on June 30, 2011 (dkt. #35) which vacated a prior order (dkt. # 31) denying the motion filed by Santander Financial Services, Inc. ( "Santander" ) objecting the debtor's amendment of schedules for being moot (dkt. # 37). The debtor alleges that any issue regarding the amendment to Schedule C (Property Claimed as Exempt) is indeed moot as the amendment was withdrawn; the judicial estoppel doctrine is not applicable to this case; the schedules may be amended to include a claim before the case is closed; the omission to include the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") was an honest mistake; and Santander will not be prejudiced by the amendment. Santander replied alleging that it will be prejudiced by the amendment and that the doctrines of judicial estoppel and res judicata do apply.

Procedural Background

Debtor filed a voluntary Chapter 13 petition on March 12, 2010. On May 10, 2010 the court held a hearing on confirmation of Chapter 13 plan. There being no objections and the Chapter 13 trustee recommending confirmation, the court confirmed the amended chapter 13 plan dated May 7, 2010. A confirmation order was entered on May 11, 2010.

On April 25, 2011 the debtor filed amended schedules B (Personal Property) and C (Property Claimed as Exempt). Amended schedule B included the FDCPA action with an estimated value of $1,000 and amended schedule C claimed the same exempt in the amount of $1,000. On May 6, 2011 the Chapter 13 trustee objected to debtor's claim of exemptions. On May 20, 2011 the debtor withdrew the amended schedule C filed on April 25, 2011. The court granted the withdrawal on May 23, 2011. Shortly thereafter, on May 25, 2011 Santander filed an opposition to the amendment to

schedules C and B.  On June 10, 2011 the court denied the objection as moot because the court had granted debtor's motion to withdraw the amendment to schedule C.

On June 24, 2011 Santander moved to set aside the June 10, 2011 order.  The motion was granted on June 30, 2011.  The debtor then moved the court for reconsideration and Santander opposed.  Thus, the court is called to decide on the merits whether the chapter 13 debtor may move at this time to file an amended schedule B to include the undisclosed FDCPA action.

On October 31, 2011 the U.S. District Court for the District of Puerto Rico (Gelpi, U.S. District Judge) in case number Civ. 10-2185, José W. Oquendo Claudio, et als v. Santander Financial Services, Inc., 2011 WL 5163319 (D.P.R. 2011), entered an order ( "district court order") dismissing the action on judicial estoppel grounds as to the following chapter 7 debtors: Jose W. Oquendo Claudio, María M. Quiñones Rivera and María Arroyo Rivera.  The court declined to dismiss the case as to chapter 13 debtor Carmen Delgado Ramirez, the debtor herein.

The district court order found that the chapter 13 cases had not been closed nor the debtor discharged, and consequently, the debtor may amend the schedules.  The district court order further held that the judicial estoppel doctrine did not apply to the chapter 13 case.

Discussion

Property of the estate in a chapter 13 case includes, in addition to the property specified in section 541 of the Bankruptcy Code, all property that the debtor acquires after the commencement of the case but before the case is closed.  11 U.S.C. § 1306 (a)(1).  A prepetition cause of action is property of the estate under section 541 and any amounts recovered by the debtor after the commencement of the case and before the case is closed is also property of the estate.  Under any scenario any amounts recovered by the debtor in the FDCPA action before the district court is property of the estate that may be distributed to creditors.

Rule 1009 (a) of the Fed. R. Bankr. P. Provides that schedules "may be amended by the debtor as a matter of course at any time before the case is closed."  The instant case has not been closed.  Since the debtor withdrew the amendment to schedule C, there is no request to claim the proceeds from the FDCPA action as exempt.  Thus, the omission to include the action in Schedule B is not an abuse of the bankruptcy process as it will be deemed part of the estate for the benefit of all creditors.

Moreover, the district court order decided that judicial estoppel did not apply to this case and that the debtor may amend the schedules. This court is bound by the district court order. Consequently, the debtor's request to amend schedule B is hereby granted.

Having allowed the amendment to schedule B to include the FDCPA action, the issues before the court are who has standing to prosecute the action and for whose benefit. Generally, the debtor may prosecute the action as there is a confirmed chapter 13 plan pursuant to sections 1303 and 1327. Section 1303 gives the chapter 13 debtor the rights and powers of a trustee under several subsections of 363 regarding the use and sale of property. Section 1327(b) provides that confirmation vests all of the property of the estate in the debtor.

Since the court has allowed the amendment to schedule B and the debtor is not claiming the undisclosed cause of action as exempt, any recovery from the undisclosed action before the United States District Court for the District of Puerto Rico is property of the estate that must be distributed for the benefit of the estate under the terms of a confirmed Chapter 13 plan.

Conclusion

In view of the foregoing, the court hereby orders as follows:

1. The debtor's request to amend schedule B to include the FDCPA action is hereby granted.

2. The debtor may prosecute the cause of action pending before the U. S. District Court for the District of Puerto Rico for the benefit of the estate.

3. The debtor shall file a request for modification of plan after confirmation pursuant to 11 U.S.C. § 1329 to conform the confirmed Chapter plan to the decision herein.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2012.

*Enrique S. Lamoutte*
Enrique S. Lamoutte
United States Bankruptcy Judge